UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VONIESHA LASHON WOODS,

      Plaintiff,

                               CASE No. 1:25-cv-270

v.

                               HON. ROBERT J. JONKER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

      The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No.

23) and Plaintiff's Objection to the Report and Recommendation (ECF No. 24). Under the Federal

Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and

Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT,

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).

Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to.    The district
> judge may accept, reject, or modify the recommended disposition;
> receive further evidence; or return the matter to the magistrate judge
> with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

Plaintiff argues that the Magistrate Judge incorrectly determined that $204.75 per hour—rather than her requested award of $246.75 per hour—is a reasonable award for attorney's fees under the Equal Access to Justice Act (EAJA). But Plaintiff does not adequately explain why Magistrate Judge's award was improper. As the Magistrate Judge correctly pointed out, although the prevailing party in an action seeking judicial review of a decision of the Commissioner of the Social Security may apply for attorney's fees, they are not entitled to them as a matter of course. *See* 28 U.S.C. 2412(d)(1)(A); *United States v. 0.376 Acres of Land*, 838 F.2d 819 (6th Cir. 1988) ("The text of the Equal Access to Justice Act . . . shows that Congress did not intend to provide an automatic award of attorney fees to any citizen who prevailed against the government."). Moreover, once the court determines that fees should be awarded, the court should *not* find an award "in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). That text shows that Congress intended for this statutory rate to be "a ceiling and not a floor." *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 455 (6th Cir. 2017). For that reason, "any decision to award an attorney fee rate above the $125 cap is within the sound discretion of the district court." *Id.* (internal quotations omitted). It is the Plaintiff's burden to produce evidence supporting a requested increase and to show how the requested rate is in line with those prevailing in the community for similar services of comparable skill and reputation. *Minor v. Comm'r of Soc. Sec.*,

826 F.3d 878, 881 (6th Cir. 2016); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Contrary to Plaintiff's objections, an attorney's fee award of $246.75 per hour would deviate from the consistent finding within this district that $204.75 represents the reasonable rate for social security cases in this community. *See Garrod v. Comm'r of Soc. Sec.*, No. 1:25-CV-57, 2025 WL 1665215, at *1 (W.D. Mich. May 28, 2025) (Green, M.J.) (award of $204.75 rate), *report and recommendation adopted,* No. 1:25-CV-57, 2025 WL 1664231 (W.D. Mich. June 12, 2025); *Vankersen v. Comm'r of Soc. Sec.*, No. 1:24-CV-909, 2025 WL 1811405, at *1 (W.D. Mich. June 16, 2025) (Kent, M.J.) (same), *report and recommendation adopted*, No. 1:24-CV-909, 2025 WL 1807679 (W.D. Mich. July 1, 2025); *Strassburg v. O'Malley*, No. 2:23-CV-168, 2024 WL 4132194 (W.D. Mich. July 11, 2024) (Vermaat, M.J.) (rejecting $220.70 per hour rate and awarding $204.75 instead); *Scharich v. Comm'r of Soc. Sec.*, No. 1:24-CV-751, 2025 WL 438868 (W.D. Mich. Jan. 23, 2025), *report and recommendation adopted*, No. 1:24-CV-751, 2025 WL 437935 (W.D. Mich. Feb. 7, 2025) (awarding $204.75 per hour rate); *Meeks v. Comm'r of Soc. Sec.*, No. 1:24-CV-1001, 2025 WL 1570565 (W.D. Mich. May 19, 2025), *report and recommendation adopted*, No. 1:24-CV-1001, 2025 WL 1569213 (W.D. Mich. June 3, 2025) (awarding a $201.92 per hour rate). These decisions uniformly demonstrate, among other things, that $204.75 is the standard EAJA rate in this community for Social Security cases. Plaintiff fails to adequately explain why $204.75 per hour—which is $80 more than the statutory cap—is an unreasonable attorney's fees award in the Western District of Michigan.

Plaintiff makes much of the fact that her attorney, and other attorneys like him in the Western District, charge more than $204.75 per hour for social security cases. (ECF No. 24,

3

PageID.2112-16). But, contrary to Plaintiff's position, Congress did not intend for courts to conclusively determine an attorney's fees award under the EAJA based on the going market rate. The EAJA specifically recognizes that although fees and other expenses should generally "be based upon prevailing market rates," attorney's fees are different and "should not be awarded in excess of 125 dollars per hour." 28 U.S.C. § 2412(d)(2)(B). And, the only time that the court can deviate from the 125 dollar cap is if the Plaintiffs can show that "an increased cost of living" or another "special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies as higher fee." *Id.* Notably, however, the statute does not instruct courts to deviate from the cap based on comparable attorney rates. Here, Plaintiff fails to properly address the enumerated statutory factors. She does not properly explain how cost-of-living increases in this area justify an increased rate.[1] Nor does she explain, or provide evidence, as to how another special factor, the lack of qualified attorneys in this area, justifies a greater deviation from the standard EAJA practice in this district.

Plaintiff also claims, without citation, that "the Western District of Michigan" has "the lowest EAJA rate in the country." (ECF No. 24, PageID.2112). In reality, however, an attorney's fee award of $204.75 per hour is not inconsistent with other districts within the Sixth Circuit and beyond; in fact, it is often higher. *See, e.g.*, *John S. H. v. Bisignano*, No. 2:24-CV-13400, 2025

---

1 In fact, as the Magistrate Judge noted, this district recently increased the standard EAJA rate from $175 per hour to 204.75$ per hour to reflect cost of living increases. (ECF No. 23, PageID.2109). Plaintiff incorrectly relies on CPI increases from 2012, when this district began awarding $175 dollars per hour. (ECF No. 20, PageID.2069). Plaintiff, however, does not adequately explain how CPI, or other expense increases, warrant a greater rate increase since this district began using $204.75 as the standard rate. Moreover, the Court notes, as did Magistrate Judge Green, that CPI data alone is not enough to warrant a rate increase based on increased cost-of-living. *See Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009); *Johnson v. Comm'r of Soc. Sec.*, No. 1:14-cv-347 (W.D. Mich. Sept. 21, 2015).

WL 2901524 (E.D. Mich. Oct. 10, 2025) (approving $175 per hour rate); *Ayers v. Kijakazi*, No. 3:21-CV-213-CRW, 2023 WL 12051747 (E.D. Tenn. Mar. 8, 2023) (approving $206.00 per hour rate); *see also Frank v. O'Malley*, No. CV 24-376-EWD, 2025 WL 1202542 (M.D. La. Apr. 25, 2025) (rejecting $220.00 per hour rate and awarding $175.00 per hour rate). Either way, what other districts do, or do not do, is largely irrelevant to determining the appropriate rate in this district, which courts have uniformly determined to be $204.75.

More generally, the Court is unpersuaded by Plaintiff's sweeping assertions that this district's EAJA rates are "an embarrassment" that deprives her attorney "of fair compensation." (ECF No. 24, PageID.2117). An award of $204.75 per hour is not a small sum. It translates to roughly 410k per year.[2] It more than doubles the average hourly pay of other noble professions. The average chemical engineer, for example, makes approximately $59 dollars per hour. *Occupational Employment and Wage Statistics (OEWS) Profiles*, U.S. BUREAU OF LABOR STATISTICS, https://data.bls.gov/oesprofile/ (showing May 2024 profiles). The average nurse practitioner makes roughly $62 per hour. *Id.* And the average pediatrician makes roughly $101. *Id.* The Court has no doubt that an award of $204.75 per hour will allow Plaintiff's attorney to live comfortably in the Western District of Michigan and enjoy the distinct advantages that Plaintiff acknowledges this district offers.

---

2 This sum is calculated at 40 hour a week for 50 weeks a year. Real lawyers in this district are likely not able to bill all-day, every day. But even at only 20 billable hours a week, the total gross revenue is over $200,000 a year. The median household income in Michigan was $72,389 in 2024. *Median Income in the Past 12 Months (in 2024 Inflation-Adjusted Dollars)*, U.S. CENSUS BUREAU, https://data.census.gov/table/ACSST1Y2024.S1903?q=Michigan+Income+and+Poverty. The median income for Michigan attorneys in 2022—two years prior—was $165,00 for private practice attorneys and $115,000 for non-private practice attorneys. STATE BAR OF MICHIGAN, 2023 ECONOMICS OF LAW SURVEY RESULTS 4-5 (2023), https://www.michbar.org/file/pmrc/pdfs/2_2023EOL_SurveyResults.pdf.

For those reasons, the Court find that the Magistrate Judge's analysis is factually sound and legally correct. An award of $204.75 per hour, rather than $246 per hour, is the reasonable attorney's fees award under the EAJA in this district.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 23) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (ECF No. 20) is **GRANTED IN PART** and **DENIED IN PART.**

2. An attorney's fees award of $4,699.01 be paid directly to Plaintiff.

Dated:      February 26, 2026           /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE

6